IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION



| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>MATTHEW STONEY OLSON,<br><br>Defendant. | CR 16-30-BLG-SPW<br><br>ORDER GRANTING IN PART, DENYING IN PART, AND DENYING IN PART WITH LEAVE TO RENEW, DEFENDANT'S MOTION IN LIMINE |

Before the Court is Defendant Matthew Olson's Motion in Limine. (Doc. 49). For the foregoing reasons, the Court GRANTS IN PART, DENIES IN PART, and DENIES IN PART WITH LEAVE TO RENEW, Olson's Motion in Limine.

### I. Facts

Olson is charged by indictment with one count of Receipt of Child Pornography and one count of Possession of Child Pornography. (Doc. 2). The indictment alleges that between April 4, 2015, and June 9, 2015, Olson knowingly received video files depicting minors engaged in sexually explicit conduct on a computer, and that on June 15, 2015, Olson knowingly possessed still picture images of child pornography on a computer. (Doc. 2 at 2).

Several videos found on the computer depict a father or stepfather relationship between an adult male and minor female. (Doc. 55 at 6-7); (Doc. 62 at 2-3). The sexual conduct in the videos includes digital, penile, and oral penetration of the minor female's vagina by the adult male. (Doc. 55 at 6-7); (Doc. 62 at 2-3).

In separate recorded interviews with the McCone County Sherriff conducted in May and June of 2013, twin sisters alleged Olson sexually abused them approximately ten years prior. (Doc. 51 at 2-4). According to the twins, the abuse occurred in the basement bedroom of a residence they lived in with their mother, Olson, and younger siblings. (Doc. 51 at 2-4). Olson is not the twins' father but is the father of the twins' younger siblings. (Doc. 62 at 3-4). Olson was approximately twenty-five years old when the alleged abuse occurred. (Doc. 11 at 1).

The first twin to be interviewed stated Olson sexually abused her three to four times a week between the ages of twelve and fourteen. (Doc. 51 at 3). The abuse included digital and penile penetration of her vagina. (Doc. 51 at 3). The second twin to be interviewed stated Olson sexually abused her on a weekly basis between the ages of ten and thirteen. (Doc. 51 at 3-4). The abuse included digital and oral penetration of her vagina, and attempted penile penetration of her vagina. (Doc. 51 at 3-4). Both twins stated Olson threatened to take their younger siblings

2

away if they told. (Doc. 51 at 3-4). No charges were brought against Olson concerning the twins' allegations. (Doc. 62 at 3).

The government notified Olson of its intent to call the twins to testify about the alleged abuse. (Doc. 55 at 2). Olson moved to exclude the twins' testimony, the introduction of adult pornography found on the computer, and the introduction of a large number of child pornography images. (Doc. 49).

## II. Standard of review

A district judge's ruling under Rule 403 that evidence is more probative than prejudicial is reviewed for an abuse of discretion. *United States v. LeMay*, 260 F.3d 1018, 1024 (9th Cir. 2001).

## III. Law

In a criminal case in which a defendant is accused of child molestation, the court may admit evidence that the defendant committed any other child molestation. Fed. R. Evid. 414(a). The evidence may be considered on any matter to which it is relevant. Fed. R. Evid. 414(a). "Child molestation" means, among other things, a crime under federal law involving any conduct prohibited by 18 U.S.C. chapter 110. Fed. R. Evid. 414(d). Receipt of Child Pornography and Possession of Child Pornography are both crimes under 18 U.S.C. chapter 110. 18 U.S.C. § 2252.

3

Evidence admissible under Rule 414 must still be admissible under Rule 403. Fed. R. Evid. 414(d); *LeMay*, 260 F.3d at 1027. Under Rule 403, the court may exclude relevant evidence if its probative value is substantially outweighed by a danger of unfair prejudice. In determining whether to admit evidence of a defendant's prior acts of sexual misconduct under Rule 403, the court considers the following factors: (1) the similarity of the prior acts to the acts charged; (2) the closeness in time of the prior acts to the acts charged; (3) the frequency of the prior acts; (4) the presence or lack of intervening circumstances; and (5) the necessity of the evidence beyond the testimonies already offered at trial. *LeMay*, 260 F.3d at 1027-1028.

## IV. Discussion

### A. The twins' testimony

The parties agree that the twins' testimony is admissible under Rule 414 but dispute whether it is admissible under Rule 403. The government argues the twins' testimony is more probative than prejudicial because the alleged prior acts of child molestation show Olson's propensity to commit the instant offenses. Olson responds the twins' testimony has little probative value because the alleged prior acts of child molestation are different in character than the instant offenses and are inherently suspect. After consideration of the *LeMay* factors, the Court agrees with the government.

### 1. The similarity of the prior acts to the acts charged

The kind of abuse that occurred in the alleged prior acts is quite similar to the kind of abuse depicted in the child pornography on the computer. The videos depict digital, penile, and oral penetration of a minor female's vagina by an adult male who has a father or stepfather relationship with the minor female. The alleged prior acts of child molestation include digital, penile, and oral penetration of the twins' vaginas by Olson, who is the father of the twins' younger siblings and with whom they resided. Although the alleged prior acts are hands on abuse and the viewing of child pornography is hands off abuse, the alleged prior acts tend to prove Olson is sexually aroused by the specific content of the videos found on the computer. This factor weighs in the government's favor.

### 2. The closeness in time of the prior acts to the acts charged

In the context of Rule 404(b), the Ninth Circuit has declined to adopt a bright line rule regarding the remoteness of the prior act. *U.S. v. Ross*, 886 F.2d 264, 267 (9th Cir. 1989). Instead, remoteness must be considered in conjunction with other factors because "[d]epending upon the theory of admissibility and the similarity of the acts . . . some remote acts may be extremely probative and relevant." *U.S. v. Spillone*, 879 F.2d 514, 519 (9th Cir. 1989). Courts often allow evidence of prior acts over ten years old. *See Ross*, 886 F.2d at 267 (thirteen

years); *Spillone*, 879 F.2d at 519 (more than ten years); *United States v. Meacham*, 115 F.3d 1488, 1495 (10th Cir. 1997) (thirty years).

The alleged prior acts occurred approximately fourteen years ago. Fourteen years is fairly remote from the instant offense. However, the similarity of the alleged prior acts to the acts charged, as discussed above, and the frequency of the alleged prior acts, as discussed below, minimize the concern raised by the remoteness of the alleged prior acts. *Spillone*, 879 F.2d at 519. This factor does not weigh for or against either party.

### 3. The frequency of the prior acts

The alleged prior acts were perpetrated on two minor females and occurred multiple times on a weekly basis for a two to three year period. This factor weighs heavily in the government's favor.

### 4. The presence or lack of intervening circumstances

There is a lack of intervening circumstances in this case. Olson was not imprisoned between the alleged prior acts and the acts charged. The Court is unaware of any other alleged similar acts committed by Olson despite his access to the twins' younger siblings, one of whom is female. This factor weighs in Olson's favor.

### 5. The necessity of the evidence beyond the testimonies already offered at trial

"[P]rior acts evidence need not be *absolutely necessary* to the prosecution's case in order to be introduced; it must simply be helpful or *practically necessary*." *LeMay*, 260 F.3d at 1029 (emphasis original).

Olson argues the twins' testimony is not necessary because the government has evidence Olson had access to the computer that contained the child pornography. However, as the government points out, evidence that Olson had access to the computer that contained child pornography does not answer a key issue at trial: whether Olson knowingly received and/or possessed the videos and photographs. The twins' testimony tends to prove that Olson is sexually aroused by the content of the videos and photographs, which in turn makes it more likely that Olson knowingly received and/or possessed the videos and photographs. The twins' testimony is therefore "helpful" or "practically necessary" to the government's case. *LeMay*, 260 F.3d at 1029. This factor weighs in the government's favor.

### 6. Conclusion

After considering the *LeMay* factors as a whole, the Court holds the twins' testimony is admissible under Rule 403 because its probative value outweighs any unfair prejudice. The similarity of the prior acts to the acts charged and the frequency of the prior acts minimize the concern caused by the remoteness of the

7

prior acts. Furthermore, the twins' testimony is necessary to the government's case because it tends to prove Olson is sexually aroused by the content of the videos and photographs, which in turn makes it more likely that Olson knowingly received and/or possessed the videos and photographs. Olson's Motion in Limine is DENIED as to the twins' testimony.

## B. Adult pornography

The government does not seek to admit evidence of adult pornography found on the computer. Olson's Motion in Limine is GRANTED as to adult pornography.

## C. Introduction of a large number of child pornography images

Olsons seeks "to prevent unnecessary inflammation of the jury by the presentation of more child pornographic images than is necessary to reliably show that said images were found on the computer in question."

The introduction of a large number of child pornography images is an issue best addressed at trial. The Court notes "[t]he prosecution is entitled to prove its case by evidence of its own choice," *Old Chief v. U.S.*, 519 U.S. 172, 187 (1997), subject to the limits of the United States Constitution, federal statutes, the rules of evidence, and other rules prescribed by the Supreme Court. Fed. R. Evid. 402. The Court DENIES Olson's Motion in Limine WITH LEAVE TO RENEW AT TRIAL as to the introduction of a large number of child pornography images.

DATED this 18th day of May, 2017.

_Susan P. Watters_
SUSAN P. WATTERS
United States District Judge