IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff/Respondent, vs. MATTHEW STONEY OLSON, Defendant/Movant. | Cause No. CR 16-30-BLG-SPW<br>CV 24-35-BLG-SPW<br><br>ORDER DISMISSING § 2255 MOTION AND DENYING CERTIFICATE OF APPEALABILITY |

On March 14, 2024, Defendant Matthew Stoney Olson ("Olson") moved to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. Olson is a federal prisoner proceeding pro se.

Olson previously filed a § 2255 motion. (Doc. 155.) Counsel was appointed to represent Olson and filed an amended motion on his behalf. (Doc. 176.) The government responded; Olson's counsel filed a reply. (Doc. 181 & 183.) On March 9, 2023, this Court entered an order addressing the merits of Olson's claims and denying relief and a certificate of appealability. (Doc. 184.)

Olson did not timely appeal. Instead, on November 29, 2023, Olson filed a motion requesting the Court appoint counsel to represent him. (Doc. 185.) The motion was denied. (Doc. 186.) Olson was advised that any relief sought lied either in appeal or in a request to the Ninth Circuit Court of Appeals for leave to

1

file a second or successive § 2255 motion. (*Id.* at 2.)

"A petitioner is generally limited to one motion under § 2255 and may not bring a 'second or successive motion' unless it meets the exacting standards of 28 U.S.C. § 2255(h)." *United States v. Washington*, 653 F. 3d 1057, 1059 (9th Cir. 2011). Section 2255(h) provides:

> A second or successive motion must be certified as provided in [28 U.S.C.] section 2244 by a panel of the appropriate court of appeals to contain- (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court that was previously unavailable.

Not all second motions brought under § 2255, however, are "second or successive." *Magwood v. Peterson*, 561 U.S. 320, 344 (2010). The term is a "term of art" when used in the habeas context. *Id.*

First, to be second or successive, a petition must challenge the same judgment as the earlier petition. *Magwood*, 561 U.S. at 341-42. In the present matter, Olson challenges the same judgment in both his first and second § 2255 motions. *Cf.* (Doc. 176), *with* (Docs. 187 & 187-1.)

Next, in the Ninth Circuit, "[g]enerally, a new petition is 'second or successive' if it raises claims that were or could have been adjudicated on the merits in an earlier petition." *Cooper v. Calderon*, 274 F. 3d 1270, 1273 (9th Cir. 2001). In the instant § 2255 motion, Olson raises issues, including ineffective

2

assistance of trial counsel, prosecutorial misconduct, and an invalid search warrant/lack of jurisdiction, (*see generally* Doc. 187-1), that were ripe at the time his first § 2255 motion was filed.

The Court of Appeals has not authorized Olson to file a second § 2255 motion in this Court, *see* 28 U.S.C. §§ 2255(h), 2244(c). It must be dismissed for lack of jurisdiction, *Burton v. Stewart*, 549 U.S. 147, 149 (2007) (per curiam). A certificate of appealability is denied because the case is clearly controlled by *Burton*. *Gonzalez v. Thaler*, 565 U.S. 134, 140-41 (2012) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Accordingly, IT IS HEREBY ORDERED as follows:

1. Olson's § 2255 motion (Doc. 187) is DISMISSED for lack of jurisdiction.

2. A certificate of appealability is DENIED. The Clerk of Court shall immediately process the appeal if Olson files a Notice of Appeal;

3. The Clerk of Court shall ensure that all pending motions in this case and in CV 24-35-BLG-SPW are terminated and shall close the civil file by entering a judgment of dismissal.

DATED this 19th day of March, 2024.

Susan P. Watters
United States District Court Judge

3