# UNITED STATES DISTRICT COURT
## DISTRICT OF MONTANA BILLINGS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | **AMENDED JUDGMENT IN A CRIMINAL CASE** |
| v. | Case Number: CR 16-30-BLG-SPW-1 |
| MATTHEW STONEY OLSON | USM Number: 16285-046 |
| **Date of Original Judgment or Last Amended Judgment:** | Matthew Claus |
| Click here to enter a date | |
| **Reason for Amendment:** | Defendant's Attorney |

| | | | |
|---|---|---|---|
| ☐ | Correction of sentence on remand (18 U.S.C. 3742(f)(1) and (2)) | ☐ | Modification of Supervision Conditions (18 U.S.C. §§ 3563(c) or 3583(e)) |
| ☐ | Reduction of Sentence for Changed Circumstances (Fed.R.Crim.P.35(b)) | ☐ | Modification of Imposed Term of Imprisonment for Extraordinary and Compelling Reasons (18 U.S.C. § 3582(c)(1)) |
| ☐ | Correction of Sentence by Sentencing Court (Fed.R.Crim.P.36) | ☐ | Modification of Imposed Term of Imprisonment for Retroactive Amendment(s) top the Sentencing Guidelines (18 U.S.C. § 3582(c)(2)) |
| ☒ | Correction of Sentence for Clerical Mistake (Fed.R.Crim.P.36) | ☐ | Direct Motion to District Court Pursuant   ☐   28 U.S.C. § 2255 or ☐   18 U.S.C. § 3559(c)(7) |
| | | ☐ | Modification of Restitution Order (18 U.S.C. § 3664) |

## THE DEFENDANT:

| | | |
|---|---|---|
| ☐ | admitted guilt to violation of conditions | of the term of supervision. |
| ☒ | was found in violation of conditions | 3, 5 and 6 after denial of guilt. |

The defendant is adjudicated guilty of these violations:

| Violation Number | Nature of Violation | Violation Ended |
|---|---|---|
| 3 | Possessed an unauthorized computer | 11/25/2024 |
| 5 | Failed to make payment toward special assessment | 11/30/2024 |
| 6 | Failed to complete sex offender treatment | 11/26/2025 |

The defendant is sentenced as provided in pages 2 through 5 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☒   The Defendant has not violated conditions 1, 2 and 4 and is discharged as to such violations.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

| | |
|---|---|
| Last Four Digits of Defendant's Soc. Sec. 0477 | March 7, 2025 |
| | Date of Imposition of Judgment |
| Defendant's Year of Birth: 1978 | *[signature]* |
| | Signature of Judge |
| City and State of Defendant's Residence: | Susan P. Watters |
| Circle, Montana | United States District Judge |
| | Name and Title of Judge |
| | July 21, 2025 |
| | Date |

AO 245C (Rev. 10/21) Amended Judgment in a Criminal Case

DEFENDANT:        MATTHEW STONEY OLSON
CASE NUMBER:      CR 16-30-BLG-SPW-1
NOTE:  Changes are identified by (*)

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of: Time Served.

☐     The court makes the following recommendations to the Bureau of Prisons:


☒     The defendant is remanded to the custody of the United States Marshal.
☐     The defendant shall surrender to the United States Marshal for this district:

　　☐     at                              ☐    a.m.    ☐    p.m.    on

　　☐     as notified by the United States Marshal.

☐     The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

　　☐     before 2 p.m. on
　　☐     as notified by the United States Marshal.
　　☐     as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:


　　Defendant delivered on _____ to

at _____, with a certified copy of this judgment.


                                        UNITED STATES MARSHAL

                                                By
                                        DEPUTY UNITED STATES MARSHAL

AO 245C (Rev. 10/21) Amended Judgment in a Criminal Case

DEFENDANT:     MATTHEW STONEY OLSON
CASE NUMBER:   CR 16-30-BLG-SPW-1
NOTE:  Changes are identified by (*)

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of: two hundred and thirty-seven (237) months.

## MANDATORY CONDITIONS

1.  You must not commit another federal, state or local crime.

2.  You must not unlawfully possess a controlled substance.

3.  You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

    ☐  The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. (*check if applicable*)

4.  ☐  You must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution. (*check if applicable*)

5.  ☒  You must cooperate in the collection of DNA as directed by the probation officer. (*check if applicable*)

6.  ☒  You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, et seq.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which you reside, work, are a student, or were convicted of a qualifying offense. (*check if applicable*)

7.  ☐  You must participate in an approved program for domestic violence. (*check if applicable*)

    You must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

AO 245C (Rev. 10/21) Amended Judgment in a Criminal Case

DEFENDANT:    MATTHEW STONEY OLSON
CASE NUMBER:    CR 16-30-BLG-SPW-1
NOTE:  Changes are identified by (*)

## STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by your probation officer.
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. I understand additional information regarding these conditions is available at the https://www.mtp.uscourts.gov/post-conviction-supervision.


Defendant's Signature _____    Date _____

AO 245C (Rev. 10/21) Amended Judgment in a Criminal Case                    Judgment -- Page 5 of 7

DEFENDANT:       MATTHEW STONEY OLSON
CASE NUMBER:     CR 16-30-BLG-SPW-1
NOTE:  Changes are identified by (*)

## *SPECIAL CONDITIONS OF SUPERVISION

1    You may own or possess only one internet-capable device as approved by the probation officer that
     has the ability to access sexually explicit materials. If that device is not a phone, you may also
     possess one mobile phone that has no online capability or camera. You must obtain the approval of
     the probation officer prior to using any device.  You must not own, possess, or use any additional
     devices without the prior written approval of the probation officer. Your approved devices must be
     capable of being monitored and compatible with monitoring hardware, software, or other
     technology approved by the probation officer. You must allow the probation officer to make
     unannounced examinations of all devices, hardware, and software, which may include the retrieval
     and copying of all data from your internet-capable device. You must allow the probation officer to
     install software to restrict or monitor your devices access. You must pay part or all of the costs of
     this monitoring as directed by the probation officer.

     You must not use any internet-capable device to access sexually explicit materials as defined in
     these conditions nor to contact minors or gather information about a minor.

     You must not possess encryption or steganography software. You must provide records of all
     passwords, Internet service, and user identifications (both past and present) to the probation officer
     and immediately report changes.  Immediately means within 6 hours.  You must sign releases to
     allow the probation officer to access phone, wireless, Internet, and utility records.

2    You must not possess or use any computer or other device with access to any on-line computer
     service without the prior approval of the probation officer. This includes any Internet service
     provider, bulletin board system, or any other public or private computer network. You must not
     have access to a modem during their term of supervision without the prior approval of the probation
     officer.

3    You must submit your person, and any property, residence, place of employment, vehicle, papers,
     [computers (as defined in 18 U.S.C. § 1030(e)(1)), other electronic communications or data storage
     devices or media, to which you have access,] to a search at a reasonable time and in a reasonable
     manner, with or without a warrant, by the probation officer, or by any law enforcement officers
     upon the express direction of the probation officer, with reasonable suspicion concerning your
     violation of a condition of supervision or unlawful conduct. Failure to submit to search may be
     grounds for revocation. You must warn any other occupants, adults and minors that the premises
     may be subject to searches pursuant to this condition. You must allow seizure of suspected
     contraband for further examination.

4    You must not possess camera phones or electronic devices that could be used for covert
     photography without the prior written approval of the probation officer.

5    You must not access the Internet except for reasons approved in advance by the probation officer.

6    All employment must be approved in advance in writing by the probation officer. You must consent
     to third-party disclosure to any employer or potential employer.

AO 245C (Rev. 10/21) Amended Judgment in a Criminal Case

DEFENDANT:       MATTHEW STONEY OLSON
CASE NUMBER:     CR 16-30-BLG-SPW-1
NOTE:  Changes are identified by (*)

7   Pursuant to the Justice for Victims of Trafficking Act (JVTA) of 2015, the defendant shall pay an additional mandatory special assessment of $5,000. The assessment is not payable until all other court-ordered fines, orders of restitution and any other victim-compensation obligation arising out of this case have been paid. 18 USC § 3014.

8   You must participate in an outpatient program for mental health treatment as approved by the probation officer. You must remain in the program until you are released by the probation officer in consultation with the treatment provider. You must pay part or all of the costs of this treatment as directed by the probation officer.

9   You must comply with the sexual offender registration requirements for convicted offenders in any state in which you reside.

10  You must submit to not more than six polygraph examinations per year as directed by the probation officer to assist in treatment, planning, and case monitoring. You maintain your Fifth Amendment rights during polygraph examinations and may refuse to answer any incriminating questions. You must pay part or all of the costs of these examinations as directed by the probation officer.

11  You must not knowingly acquire, possess, or view any materials depicting sexually explicit conduct as defined in 18 U.S.C. § 2256(2)(A), if the materials, taken as a whole, are primarily designed to arouse sexual desire, unless otherwise approved by the probation officer in conjunction with your sex offender treatment provider. This condition applies to written stories, visual, auditory, telephonic, or electronic media, computer programs or services, and any visual depiction as defined in 18 U.S.C. § 2256(5). You must not knowingly patronize any place where sexually explicit material or entertainment is the primary item of sale, such as adult bookstores, clubs, or Internet sites, unless otherwise approved by the probation officer in conjunction with your sex offender treatment provider. You must not utilize 900 or adult telephone numbers or any other sex-related numbers, or on-line chat rooms that are devoted to the discussion or exchange of sexually explicit materials as defined  above.

12  You must enter and successfully complete an outpatient sex offender treatment program as approved by the probation officer. You are to remain in that program until released by the probation officer in consultation with the treatment provider. You must pay part or all of the costs of this treatment as directed by the probation officer.

13  You must not purchase, possess, use, distribute or administer marijuana, including marijuana that is used for recreational or medicinal purposes under state law.

14  You must not possess, ingest or inhale any psychoactive substances that are not manufactured for human consumption for the purpose of altering your mental or physical state. Psychoactive substances include, but are not limited to, synthetic marijuana, kratom and/or synthetic stimulants such as bath salts and spice.

15  You must participate in a mental health evaluation and follow any recommendation for treatment.